UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JANIS BALSAMO | § | CIVIL ACTION |
|     Plaintiff | § | |
| | § | |
| VS. | § | NO. 1:21-CV-45 |
| | § | |
| WALMART, INC., D/B/A SAM'S CLUB | § | |
|     Defendant | § | JURY |

<u>DEFENDANT'S NOTICE OF REMOVAL</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW DEFENDANT, SAM'S EAST, INC. (INCORRECTLY NAMED AS WALMART, INC., d/b/a SAM'S CLUB), in accordance with 28 U.S.C. §§ 1332, 1441, and 1446 *et seq.*, files its Notice of Removal of the above-styled case from the 136th Judicial District Court of Jefferson County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division, based on diversity of citizenship of the parties.

Pursuant to the applicable federal statutes and the Local Rules for the Eastern District of Texas, Defendant attaches the following documents in support of this Notice of Removal:

1. Attachment A - State Court Petition;

2. Attachment B - Citation of Service and Notice of Service of Process on Walmart, Inc.;

3. Attachment C - Defendant, Sam's East, Inc. (Incorrectly named as Walmart, Inc. d/b/a Sam's Club)'s State Court Answer;

4. Attachment D - Certified Copy of Civil Docket;

5. Attachment E - List of Parties and Counsel; and

6. Attachment F - State Court Information Sheet.

1

The documents attached hereto as Attachment "A" through "C" comprise true and correct copies of all executed process and pleadings served upon Defendant and of all documents filed in the state court action.

In filing this Notice of Removal, Defendant expressly reserves all other questions other than that of removal, for the purpose of further pleadings.

## I.
## STATE COURT ACTION

Plaintiff's Original Petition, styled *Janis Balsamo vs. Walmart, Inc., d/b/a Sam's Club*, Cause No. D-206925, was filed on December 28, 2020, in Jefferson County, Texas, and assigned to the 136th Judicial District Court of Jefferson County, Texas, located at 1001 Pearl Street, Beaumont, TX 77701.

## II.
## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on or about November 30, 2020, entered the Sam's Club #8257 located at 1615 Interstate 10 South in Beaumont, TX 77701.  *See* Exhibit "A" - Plaintiff's Original Petition, at § IV.  Plaintiff alleges that she suffered "*severe and debilitating injuries, including a broken hip*" when she slipped and fell due to a wet floor in the general vicinity of an ice machine.  *Id*.  Plaintiff alleges that Defendant owed a duty to the Plaintiff to use reasonable care to protect against unreasonable risk of harm.  *Id.* at § V.  Plaintiff further alleges that Defendant breached its duty by failing to use reasonable care to protect Plaintiff against unreasonable risk of harm, failing to make safe dangerous conditions such as wet floors; and failing to adequately warn Plaintiff of the fact a floor was wet; and failing to maintain adequate safeguards  around the condition to render the premises reasonably safe.  *Id*.   *Id.*  Plaintiff

2

further contends that said alleged acts were negligence and the proximate result of Plaintiff's alleged injuries. *Id.*

### III.
### PARTIES - DIVERSITY OF CITIZENSHIP

Plaintiff, Janis Balsamo, is a resident of Harris County, Texas.

Defendant, SAM'S EAST, INC., is an Arkansas corporation with its principal place of business in Arkansas.  The sole shareholder of SAM'S EAST, INC., is SAM'S WEST, INC., which is also an Arkansas corporation, with its principal place of business in Arkansas.  SAM'S WEST, INC., is a wholly owned subsidiary of WALMART, INC., a Delaware corporation with its principal place of business in Arkansas. WALMART, INC., is a publicly held corporation, has no parent corporations, and no publicly held corporation owns 10% or more of its stock. Accordingly, there is complete diversity of citizenship between Plaintiff and the Defendant.  28 U.S.C. §§ 1332, 1441.

### IV.
### AMOUNT IN CONTROVERSY

The state court action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 since it is a civil action wherein the matter in controversy as alleged in Plaintiff's Petition exceeds the minimum jurisdictional limits of this Court exclusive of interest and costs and is between citizens of different states.

In her Petition, Plaintiff specifically alleges damages over $1,000,000.00.   *See* Exhibit A at § IX.  Plaintiff further alleges that she sustained "*severe and debilitating injuries*" as a result of the accident made the basis of this lawsuit. *See Id.* at § IV.  Plaintiff also contends in Section IX of her Petition that as a result of such alleged injuries, "s*he has suffered the following:*

(a)  Actual damages;

(b)  Past and future lost wages in the past;

(c) Past and future medical expenses;

(d) Past and future physical pain

(e) Past and future mental anguish;

(f) Past and future physical impairment; and

(g) Past and future loss of household services.

*See Id.* § IX.

Plaintiff's pleadings assert an amount in controversy that exceeds the Court's minimum jurisdictional limits. *Id.* at § IX. In view of the nature of the claims and alleged damages sought, Defendant has established that the alleged amount in controversy is sufficient to confer federal jurisdiction in this Court. For the reasons stated above, this Court has original jurisdiction of this case pursuant to 28 U.S.C. §1332(a).

## V.
## REMOVAL IS TIMELY

Removal is timely. Defendant was served with Plaintiff's Original Petition on January 6, 2021. As such, service on Defendant has been less than 30 days from filing this Notice of Removal. *See* 28 U.S.C. § 1446(b).

## VI.
## VENUE

This is a statutorily proper venue under the provisions of 28 U.S.C. § 1441(a) because the district and division embrace the place where the removed action has been pending.

## VII.
## FILING WITH STATE COURT AND NOTICE TO PLAINTIFF

Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to the Plaintiff through Plaintiff's counsel as required by law. A copy of this Notice is also

being filed with the 136th Judicial District Court of Jefferson County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, DEFENDANT, SAM'S EAST, INC. (INCORRECTLY NAMED AS WALMART, INC., d/b/a SAM'S CLUB), prays that the United States District Court for the Eastern District of Texas, Beaumont Division, accept this Notice of Removal and assume jurisdiction of this matter and issue any orders and processes necessary to bring PLAINTIFF, JANIS BALSAMO, and DEFENDANT, SAM'S EAST, INC., (INCORRECTLY NAMED AS WALMART, INC., d/b/a SAM'S CLUB), before it, and to effectively prevent further proceedings of this case in the 136th Judicial District Court of Jefferson County, Texas.

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/ Karen L. Spivey
KAREN L. SPIVEY
KarenSpivey@mehaffyweber.com
Federal Id. No.11680
Texas Bar No. 18955100
**ATTORNEY IN CHARGE FOR DEFENDANT, SAM'S EAST, INC. (INCORRECTLY NAMED AS WALMART, INC., D/B/A SAM'S CLUB)**
GORDON R. PATE
GordonPate@mehaffyweber.com
Federal Id. No. 9811
Texas Bar No. 15563000
P.O. Box 16
Beaumont, TX 77704-0016
2615 Calder Avenue, Suite 800
Beaumont, TX 77702
Ph:     409-835-5011

5

Fx:     409-835-5177

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to opposing counsel of record on this 3rd day of February, 2021, in accordance with the Federal Rules of Civil Procedure by certified mail, addressed as follows:

Mr. Jim Hart
SBN: 09147400
Mr. Cesar Tavares
SBN: 24093726
Mr. William R. Langley
SBN: 24102061
WILLIAMS HART BOUNDAS EASTERBY, L.L.P.
8441 Gulf Freeway, Suite 600
Houston TX 77017-5001
Ph:     713-230-2200
Fx:     713-643-6226
PIDept@whlaw.com

                                              /s/ Karen L. Spivey
                                              KAREN L. SPIVEY