FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
12/28/2020 3:01 PM
JAMIE SMITH
DISTRICT CLERK
D-206925

NO. ~~~~~~

| | | |
|---|---|---|
| JANIS BALSAMO, | § | IN THE DISTRICT COURT OF |
| *Plaintiff*, | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, T E X A S |
| | § | |
| WALMART INC. D/B/A SAM'S CLUB | § | |
| *Defendant*. | § | 1260th JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

Plaintiff JANIS BALSAMO ("Plaintiff") brings this action against WALMART INC. D/B/A SAM'S CLUB ("Defendant") and would show the Court as follows:

### I. Jurisdiction and Venue

1. This Court has jurisdiction over the subject matter of this lawsuit and over the persons and companies referenced above because they are domiciled in this State and/or have sufficient minimum contacts with this State and Plaintiff's claims arise from those contacts.

2. Venue is proper in this Court pursuant to Tex. Civ. Prac. Rem. Code § 15.002.

### II. Parties

3. Plaintiff, Janis Balsamo, is an individual residing in Harris County, Texas.

4. Defendant, Walmart Inc. d/b/a Sam's Club is a Delaware corporation, with its principal place of business at 702 SW 8th St., #555, Bentonville, Arkansas 72716-6299. Defendant may be served via its registered agent for service in the State of Texas, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

### III. Discovery Level

5. Discovery may be conducted under Level 3 of the Texas Rules of Civil Procedure.

Federal Removal Exhibit A

## IV. Facts

6. On or around November 30, 2020, Plaintiff Janis Balsamo entered Sam's Club #8257, located at 1615 Interstate 10 South, Beaumont, Texas 77701. Upon exiting the store's restroom and attempting to return to her vehicle to retrieve her wallet, Ms. Balsamo slipped and fell due to a wet floor in the general vicinity of an ice machine, and suffered severe and debilitating injuries, including a broken hip.

7. Ms. Balsamo's fall was caused by a dangerous condition unknown to her.

8. Upon information and belief, Defendant created, or at a minimum knew of, the unsafe condition that caused Ms. Balsamo's injuries. Defendant's failure to warn Ms. Balsamo of the dangerous condition or to take reasonable steps to address the hazardous condition caused Ms. Balsamo's injuries.

## V. Causes of Action

A. *Negligence/Premises Liability*

9. Plaintiff incorporates the allegations above as if fully set forth herein.

10. Defendant owed a legal duty to Ms. Balsamo to use reasonable care to protect against unreasonable risk of harm of which Defendant knew or reasonably should have known.

11. Defendant breached its duty to Ms. Balsamo by

   a. Failing to use reasonable care to protect Plaintiff against unreasonable risk of harm;

   b. Failing to make safe dangerous conditions such as wet floors that posed an unreasonable risk;

   c. Failing to adequately warn Plaintiff of the fact that the floor was wet; and

   d. Failing to maintain adequate safeguards around the dangerous condition to render the premises reasonably safe to accommodate visitors to the store.

Federal Removal Exhibit A

12. The above cited acts of negligence were the cause of the incident.

13. As a result of the incident, Plaintiff has suffered severe injuries.

### VI. Jury Demand

14. Plaintiff hereby demands a jury trial.

### VII. Request for Disclosure

15. Plaintiff requests that Defendant disclose, within fifty days of service of this Request for Disclosure, the information and/or material described in Rule 194.2.

### VIII. Rule 193.7 Notice

16. Plaintiff provides notice under Texas Rule of Civil Procedure 193.7 of her intent to use any and all documents produced by Defendant.

### IX. Prayer

17. Plaintiff prays that citation issue and be served upon Defendant requiring it to appear and answer. Plaintiff seeks damages in excess of the minimum jurisdictional limits of this court, monetary relief in excess of $1,000,000, pre-judgment and post-judgment interest, court costs, and all such other relief to which Plaintiff shows herself justly entitled, including but not limited to:

   a. Actual damages;

   b. Past and future lost wages;

   c. Past and future medical expenses;

   d. Past and future physical pain;

   e. Past and future mental anguish;

Federal Removal Exhibit A

  f.  Past and future impairment; and

  g.  Past and future loss of household services.

                 Respectfully submitted,

                 **WILLIAMS HART BOUNDAS**
                 **EASTERBY, L.L.P**

                 */ s / William R. Langley*
                 **JIM HART**
                 State Bar No. 09147400
                 **CESAR TAVARES**
                 State Bar No. 24093726
                 **WILLIAM R. LANGLEY**
                 State Bar No. 24102061
                 8441 Gulf Freeway, Suite 600
                 Houston, Texas 77017-5001
                 (713) 230-2200 – Telephone
                 (713) 643-6226 – Facsimile
                 PIDept@whlaw.com

Federal Removal Exhibit A